# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DERRICK ESTELL,
ADC #147330                                                                                    PLAINTIFF

v.                                      5:18CV00225-DPM-JTK

DOES, et al.,                                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

Plaintiff Derrick Estell is a state inmate confined at the Varner Super Max Unit of the Arkansas Department of Correction (ADC), who filed this pro se 42 U.S.C. § 1983 action against unnamed Defendants, alleging numerous allegedly improper conditions/actions. (Doc. No. 2.) By Order dated September 7, 2018 (Doc. No. 3), this Court directed Plaintiff to pay the $400 filing fee for this action or file a Motion to Proceed in forma pauperis and directed Plaintiff to amend his Complaint within thirty days. Plaintiff has now complied with the September 7, 2018 Order (Doc. Nos. 4, 5).

Having reviewed Plaintiff's Amended Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

### II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.   Facts and Analysis**

Plaintiff incorporates his Original Complaint into the Amended Complaint and names four individuals as Defendants. (Doc. No. 5)   He alleges that: he was improperly transferred to the ADC instead of a federal prison; his attorneys lied to him and misled him with respect to the appeal of his sentence; he was placed in a cell with a broken window that was boarded up and was charged twice for replacing the window; other inmates tried to set him up by giving him drugs and cell phones; Defendant Christopher stole a piece of his legal mail from his cell during a search; someone pumped toxic air into his vents; he suffered in a hot cell with mosquitoes; and he has been on lock-down for almost two years.   He specifically alleges that Defendant Taylor should

not have placed him in the cell with the broken window, and that Defendant Gibson lied to his mother when he assured her that the window was still intact. He also blames Defendant Gibson for illegally keeping him in the ADC when he should be in federal prison, and claims Defendant Christopher stole paperwork from his cell.

In the September 7, 2018 Order, the Court directed Plaintiff to:

file a short Amended Complaint which sets forth **one claim** (referring to one incident) against named Defendants, which he wishes to pursue in this case.  (His other claims should be set forth in separate lawsuits.) This Amended Complaint will render his Original Complaint without legal effect, and will take the place of those pleadings.[1]   In the Amended Complaint, Plaintiff shall specifically and clearly state the following: **(1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; (3) how each individual violated the Plaintiff's constitutional rights; and 4) how he was harmed. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.**

(Doc. No. 5, pp. 3-4)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right.   Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In order to support an Eighth Amendment claim for relief for unconstitutional conditions of confinement, Plaintiff first must allege that the conditions were objectively, sufficiently serious, that the punishment imposed amounted to "the denial of 'the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994),

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. Of America, 101 F.3d 600, 603 (8th Cir. 1996) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted)).

citing Rhodes v. Chapman, 425 U.S. 337, 347 (1981).   Second, Plaintiff also must allege that the Defendants acted with deliberate indifference (not negligence or inadvertence) to his need for health and safety. Farmer , 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 303, 305-06 (1991).

"Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.))   "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Martin, supra *4 (quoting Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994)).

In this case, Plaintiff did not comply with the September 7, 2018 Order by limiting his complaint to a single claim, or by including specific facts in support of his allegations against Defendants.   He did not allege how he was harmed by the allegedly improper conditions of confinement, and he was not sufficiently specific to support a claim that he was denied a single, identifiable human need such as food, warmth or exercise.   His allegations against Defendants Gibson, Christopher, and Taylor do not support constitutional claims for relief.[2]   With respect to his "stolen" property allegation against Defendant Christopher, an individual does not have a § 1983 claim for deprivation of personal property if state law provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 530-537 (1984).   In Arkansas, the action of conversion is a common law tort action for the wrongful possession or disposition of someone's property.

---

[2] He did not specifically mention Defendant Hardin in his Amended Complaint.

McQuillian v. Mercedes-Benz Credit Corp., 331 Ark. 242, 247 (Ark. 1998). See also Scott v. Boyd, No. 3:08cv00136WRW, 2008 WL 4874058 (E.D.Ark. 2008), where the plaintiff inmate sued defendants for damages in a § 1983 action, for property that was lost or stolen while he was incarcerated at the Crittenden County Jail. And, Plaintiff does not allege that he suffered an injury to a legal claim as a result of the loss of the legal papers. See Lewis v. Casey, 518 U.S. 343, 351 (1996).

In addition, any allegations based solely on Defendants' failure to follow ADC policies and procedures should be dismissed, for failure to state a claim. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992). Finally, his allegations that Defendant Gibson illegally kept him incarcerated instead of releasing him to federal prison and lied to his mother, and that Plaintiff was required to pay twice for a broken window, fail to support a constitutional claim for relief.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure To state a claim upon which relief may be granted.

2.      This dismissal constitute a "strike" within the meaning of the PLRA.[3]

3.      The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(g).

---

[3]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 28th day of September, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE